IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JAMES and LEE ANNE D., Individually and as Next Friends of Sarah D., a Minor,<br>  Plaintiffs<br>v.<br><br>BOARD OF EDUCATION OF APTAKISIC-TRIPP COMMUNITY CONSOLIDATED SCHOOL DISTRICT NO. 102 and ILLINOIS STATE BOARD OF EDUCATION,<br>  Defendants. | Case No. 07 C 7018<br><br>District Judge Robert M. Dow Jr.<br>Magistrate Judge Michael T. Mason |

### JOINT STATUS REPORT

Pursuant to District Judge Dow's Minute Order dated January 28, 2008 and Standing Order Requiring Initial Status Report for Cases Filed On or After December 1, 2007, the Parties in the above-captioned case hereby submit the following Joint Status Report:

**A.   Attorneys of Record:**

*For the Plaintiffs:*   Matthew D. Cohen (trial attorney)
Courtney N. Stillman
Monahan & Cohen
225 W. Washington Street, Suite 2300
Chicago, Illinois 60606
(312) 419-0252

*For the Defendant Board of Education of Aptakisic-Tripp Community Consolidated School District No. 102:*   Jay Kraning (trial attorney)
Debra H. Kaplan
Robert E. Swain
Hodges, Loizzi, Eisenhammer, Rodick & Kohn
3030 Salt Creek Lane, Suite 202
Arlington Heights, Illinois 60005
(847) 670-9000

*For the Defendant Illinois State Board of Education:*   Shirely Ruth Calloway (trial attorney)
Illinois Attorney General's Office
100 West Randolph Street

13th Floor
Chicago, IL 60601
(312) 814-5581

**B.     Basis for federal jurisdiction:** The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and 20 U.S.C. § 1415(i)(2).

**C.     Nature of Claims:** Plaintiffs claim that Defendant District 102 denied Sarah D., a nine year old girl with a learning disability and language impairment, a free appropriate public education ("FAPE") required by the Individuals with Disabilities Education Act, 20 U.S.C. §1400 et seq. ("IDEA"), by failing to provide her an educational program that meets the requirements of the IDEA. The complaint asks the Court to review and overturn an administrative decision made by an Illinois State Board of Education Impartial Hearing Officer pursuant to the IDEA.

**D.     Service:** All the Defendants have been served, and the Defendants have no objections to the manner of service of process.

**E.     The principal legal issues:** The principal legal issue in this case is whether Defendant District 102 provided Sarah D. a FAPE. The Court is asked to review the administrative record and the Hearing Officer's decision. The Plaintiffs' complaint contains five counts alleging five different bases upon which the Hearing Officer's decision should be overturned. Those five counts allege the following:

1. The Hearing Officer misapplied important standards contained within the IDEA.

2. The Hearing Officer made significant erroneous procedural rulings.

3. The Hearing Officer improperly held the parents responsible for the District's failure to provide Sarah a FAPE.

4. The Hearing Officer's decision should be overturned due to findings of fact that were clearly erroneous.

5. The Hearing Officer's decision should be overturned due to improprieties he committed which undermine his impartiality.

The Defendant District 102 denies each of these allegations and believes that the Court should not disturb the Hearing Officer's decision.

**F.     The principal factual issues:** The parties differ in identifying the principal factual issues. It is the Plaintiffs' position that the principal issues of fact in this case are:

(a)     whether Sarah made more than de minimis progress in District 102's program;

(b) whether District 102 provided Sarah with appropriate IEPs that contained measurable goals and sufficient services to address all of Sarah's educational needs;

(c) whether Hyde Park Day School is the appropriate educational placement for Sarah;

(d) whether District 102 adequately reviewed private evaluations presented by Sarah's parents; and

(e) whether the District used scientifically based methods of reading instruction to teach Sarah, as required by the IDEA.

It is the position of Defendant District 102 that this case does not present any "factual issues" in a traditional sense, as factual disputes between the parties were addressed during the administrative hearing held by the Hearing Officer, and the record of the administrative hearing will be submitted to the Court for its review. The Plaintiffs have declared their intent to move to submit supplemental evidence, which (if allowed) might introduce disputes of fact; but the Plaintiffs have not identified any such supplemental evidence at this time.

**G.   Whether a jury trial has been demanded by any party:** None of the parties have made a jury demand.

**H.   A brief description of any discovery that has been taken and of the discovery anticipated to be required, and suggested dates for discovery deadlines and cutoff:** The parties exchanged student records and other documents in preparation for the due process hearing. The defendants do not anticipate requiring any further discovery at this time. Plaintiffs have not currently identified any necessary discovery. However, Plaintiffs plan to file a motion to supplement the administrative record. As a consequence of this motion, oral or written discovery may be identified. If allowed, the parties suggest that all discovery be completed by May 15, 2008, contingent upon the timing of rulings on any motions relevant to discovery.

**I.   The earliest date the parties would be ready for trial and the estimated length of trial:** Due to the nature of administrative review, the parties anticipate that this matter can be resolved by summary judgment. However, in the event that a trial were necessary, the parties could be ready for trial on or after October 1, 2008. The parties estimate that trial would be 1-2 days long.

**J.   Whether the parties consent unanimously to proceed before a Magistrate Judge:** The parties do not unanimously consent to proceed before a Magistrate Judge.

**K.   Status of any settlement discussions:** The parties have not engaged in any settlement discussions to date.

**L.** **Request for a settlement conference:** Plaintiffs are willing to engage in a settlement conference. The District 102 administration will be discussing the possibility of settlement with the District 102 Board of Education at a future Board meeting.

Respectfully Submitted,

By: /s/ Courtney N. Stillman
      One of the Attorneys for Plaintiffs

By: /s/ Debra H. Kaplan
      One of the Attorneys for
      Defendant School District 102

By: /s/ Shirely R. Calloway
      One of the Attorneys for the Illinois
      State Board of Education