IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JAMES and LEE ANNE D., Individually and as Next Friends of Sarah D., a Minor, <br>     Plaintiffs <br><br> v. <br><br> Board of Education of Aptakisic-Tripp Community Consolidated School District No. 102 and Illinois State Board of Education, <br>     Defendants. | Case No. 07 C 7018 |

**MOTION TO SUPPLEMENT ADMINISTRATIVE RECORD**

NOW COME PLAINTIFFS JAMES and LEE ANNE D., Individually and as Next Friends of SARAH D., a Minor, by and through their attorneys, MONAHAN & COHEN, and as their Motion to Supplement Administrative Record, state as follows:

**I. Introduction**

1. This case involves a review of an administrative due process hearing held pursuant to the Individuals with Disabilities Education Improvement Act ("IDEA"), 20 U.S.C. §1400 *et seq.*

2. When reviewing an administrative decision pursuant to the IDEA, a court shall receive the administrative record and shall hear additional evidence at the request of a party. 20 U.S.C. §1415(i)(2)(C); 34 CFR §300.516(c).

3. Congress intended to distinguish judicial review of IDEA decisions from judicial review of other administrative decisions in which the Court is generally limited to the administrative record. *Summer H. v. Hawaii Dep't of Educ.,* 2007 WL 1153807 (D. Haw. 2007),

quoting *Amanda J. ex rel Annette J. v. Clark County Sch. Dist.,* 267 F.3d 877, 887 (9th Cir. 2001).

4. Reasons to supplement the administrative record vary, and may include improper exclusion of evidence by the hearing officer, evidence concerning relevant events occurring subsequent to the administrative hearing, and evidence that fills gaps in the record. *See Town of Burlington v. Dept. of Educ. for Com. Of Mass.*, 736 F.2d 773, 790-791 (1st Cir. 1984) *aff'd sub nom Burlington Sch. Comm. v. Dept. of Educ.*, 471 U.S. 359 (1985).

## II. Supplementation with Relevant Evidence Wrongfully Excluded

5. Reviewing courts allow additional evidence upon appeal of an administrative hearing to correct the improper exclusion of evidence by an administrative hearing officer. *See, e.g., Krista P. v. Manhattan Sch. Dist.*, 255 F.Supp. 2d 873, 885 (N.D. Ill. 2003).

### A. FACTS Documentation and Inclusion Presentation

6. At the administrative hearing, Plaintiffs included in their evidence, and sought to admit, documentation that Defendant had submitted to the State of Illinois as part of the state's Special Education Funding and Child Tracking System ("FACTS"). Defendant is required to submit to the state FACTS documentation which allows the State of Illinois to track all students with disabilities in Illinois and allows Defendant to claim state funds for eligible special education costs. *See* 105 IL CODE 5/2-3.30. The excluded documentation (H89-H268) is attached as **Exhibit A**.

7. Plaintiffs also sought to admit the instructions for completion of FACTS forms. (H217-H268).

8. The Impartial Hearing Officer ("IHO") excluded the FACTS documentation upon the request of Defendants' counsel, at the beginning of the hearing before any witnesses testified or any evidence was presented. Administrative Record 1771-1776 (hereinafter, "AR").

9. The FACTS documentation is directly relevant to placement because it shows a pattern of decreasing numbers of out of district, private special education placements made by the Defendant and suggests an illegal pattern and practice of not providing special education students with out of district placements.

10. Furthermore, Defendant did not object to Plaintiffs' summary chart of the District's FACTS documentation at AR 1748. Because a summary of the data is already in the record, the attached documentation supporting the summary should supplement the record.

11. The IHO, at the beginning of the hearing, and without hearing testimony, also excluded excerpts from an inclusion presentation, attached as **Exhibit B**, created by Defendant District and published by Defendant on its website. AR 1778.

12. This evidence, regarding the District's philosophy of "inclusion" is relevant to educational placement, a central issue in this case.

13. After the IHO excluded the FACTS and inclusion presentation documentation, two different District witnesses with two and three years of special education experience in the District respectively testified that they had never attended a meeting at which the District had placed a student outside the District. *See* AR 2254-2255; 2731:12-15.

14. When taken together, the FACTS data, the school position statement, and the witness testimony demonstrate a pattern or practice of not providing out of district placements.

15. Plaintiffs allege the IHO's wrongful exclusion of this evidence in Paragraphs 48 and 49 of their Complaint.

### B. Affidavit of Reading Specialist

16. During the hearing, Plaintiffs sought to present testimony by a private reading specialist, Dr. Ama Thompson, comparing Sarah's most recent test scores, but the IHO refused to allow this testimony. AR 2520:11-24; 2521-2524.

17. This testimony was relevant to Sarah's lack of progress in the District's program and an affidavit of this witness is attached as **Exhibit C**.

18. Dr. Thompson's testimony should be admitted because it is relevant to Sarah's lack of progress in the District's program, a central issue in this case. *See B.A. v. Cape Elizabeth Sch. Committee*, 1999 WL 1995213 (D. Me. 1999) (affidavit was allowed to supplement the administrative record where the hearing officer excluded testimony that related directly to the central issue in the case).

19. Alternatively, Plaintiffs request that they be allowed to conduct a deposition of Dr. Thompson to obtain the testimony excluded by the hearing officer.

20. Plaintiffs allege that the IHO improperly excluded this evidence in Paragraph 50 of their Complaint.

### III. Supplementation with Evidence Arising After the Hearing

21. Plaintiffs request to supplement the administrative record with evidence concerning relevant events occurring subsequent to the administrative hearing. *See Town of Burlington v. Dep't of Educ. of the Commonwealth of Mass.*, 736 F.2d 773, 790 (1st Cir. 1984) *aff'd sub nom Burlington School Comm. v. Dept. of Educ.*, 471 U.S. 359 (1985).

### A. January 2008 Progress Report

22. Subsequent to the hearing, Hyde Park Day School issued an additional progress report (attached as **Exhibit D**) to Sarah's parents indicating that, despite years in the District of

de minimus progress, Sarah continues to make gains at Hyde Park Day School, a school specializing in learning disabilities.

23. Progress reports are relevant and admissible to supplement the administrative record. *See, e.g., R.B. v. Bartholomew Consol. Sch. Corp.*, 2004 WL 1087367 (S.D. Ind.) (evidence of progress over another summer of intensive education might shed light on the reasonableness of the administrative decision). *See also John M. v. Board of Educ. of Evanston Twp. High Sch. Dist. 202*, 450 F.Supp. 2d 880, 883-885 (N.D. Ill. 2006) *rev'd on other grounds*, 502 F.3d 708 (7th Cir. 2007) (progress reports admitted to supplement record).

### B. Occupational Therapy Evaluation

24. Plaintiffs seek to supplement the record with an occupational therapy evaluation of Sarah, attached as **Exhibit E**, conducted at the request of Sarah's teacher at Hyde Park Day School, which was completed in December 2007.

25. The occupational therapy evaluation is important because, while Sarah was at Defendants' school, Mrs. D. repeatedly requested services to address Sarah's handwriting and was repeatedly denied occupational therapy services from the District. Hyde Park Day School recognized Sarah's difficulties with fine motor output and motor planning and are addressing these needs.

26. This Court should admit the occupational therapy evaluation to assist the Court in determining the appropriateness of Defendant's programming and of the IHO's Order. *See, e.g., Mr. and Mrs. I v. Maine Sch. Admin. Dist.*, 2004 WL 2397402 (D. Me.) (courts have erred on the side of admitting evidence reflecting a child's post-hearing status on the theory that the proffered information might shed light on the reasonableness of, and thus be relevant to, the earlier decision).

### IV. Supplementation of the Record to Counteract Unfair Surprise

27. Plaintiffs seek to supplement the record with the Affidavit of Lee Anne D., attached hereto as **Exhibit F**, regarding extended school year services ("ESY").

28. On July 26, 2007, Defendant filed a "Response to Parents' Hearing Request" that set forth Defendant's responses and defenses to the family's due process complaint notice. Defendant made no mention of ESY in its Response.

29. At the hearing, however, Sarah's parents' choice to provide her private services over the summer became a basis for the Defendants and the IHO to inappropriately shift the blame for Sarah's lack of progress in District programming to Sarah's parents.

30. Despite the requirement that Defendant provide a responsive pleading to Plaintiffs' allegations, Plaintiffs were not made aware of any allegations or defenses regarding ESY until well into the hearing.

31. Lee Anne D.'s affidavit should be admitted to supplement the record to remedy unfair surprise.

WHEREFORE, Petitioners respectfully request that this Court supplement the administrative record with the following documents:

| | | |
|---|---|---|
| Exhibit A | FACTS Documentation |
| Exhibit B | Excerpts of Defendant's Inclusion Presentation |
| Exhibit C | Affidavit of Ama Thompson, Ph.D. |
| Exhibit D | January 2008 Progress Report |
| Exhibit E | Occupational Therapy Evaluation |
| Exhibit F | Affidavit of Lee Anne D. |

                                        Respectfully submitted,

                                        /s/ Courtney N. Stillman
                                        Courtney N. Stillman, One of the Attorneys for Plaintiffs

Matthew D. Cohen
Courtney N. Stillman
MONAHAN & COHEN
Attorneys for Plaintiffs
225 West Washington Street
Suite 2300
Chicago, IL 60606
(312) 419-0252
Dated: March 20, 2008
F:\CASE\D\Motion to Supplement the Record

**CERTIFICATE OF SERVICE**

  I hereby certify that on March 20, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to the following persons:

    scalloway@atg.state.il.us
    kdonoghue@atg.state.il.us
    mcapra@atg.state.il.us
    dkaplan@hlerk.com
    jkraning@hlerk.com
    rswain@hlerk.com

            /s/ Courtney N. Stillman
            Courtney N. Stillman, One of the Attorneys
            for Plaintiffs