IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JAMES and LEE ANNE D., )<br>Individually and as Next Friends )<br>of Sarah D., a Minor, )<br>    Plaintiffs )<br>    v. )<br>)<br>BOARD OF EDUCATION OF )<br>APTAKISIC-TRIPP COMMUNITY )<br>CONSOLIDATED SCHOOL DISTRICT )<br>NO. 102, )<br>    Defendant. ) | Case No. 07 C 7018<br><br>District Judge Robert M. Dow Jr. |

**DEFENDANT APTAKISIC-TRIPP COMMUNITY CONSOLIDATED SCHOOL DISTRICT No. 102'S RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION TO SUPPLEMENT ADMINISTRATIVE RECORD**

**INTRODUCTION**

The Board of Education of Aptakisic-Tripp Community Consolidated School District No. 102's (hereinafter "School District" or "Board") respectfully requests this Honorable Court to deny the Plaintiffs' Motion to Supplement the Administrative Record in this matter because Plaintiffs seek to admit documents and testimony that (1) seek to overturn the Impartial Hearing Officer's proper evidentiary rulings; (2) are cumulative and duplicative; (3) relate to issues entirely outside the scope of the administrative proceeding that Plaintiffs failed to raise in their complaint for due process, in the pre-hearing conference, or in certain instances, during the hearing itself; and/or (4) were generated subsequent to the hearing and have no bearing on the issues of this case. If the Plaintiffs' motion is granted, and this additional evidence is admitted, it would, in effect, grant the Plaintiffs a second trial and change the character of this hearing from one of review to a trial de novo. Such a result is not countenanced

by the IDEA as interpreted by both the Supreme Court and the Seventh Circuit Court of Appeals and would be prejudicial to the School District.

## ARGUMENT

**I.    The "FACTS" Documentation and Inclusion Presentation Were Rightfully Excluded by the Independent Hearing Officer Because They Were Irrelevant to the Administrative Hearing Below.**

The primary purpose of the *Individuals with Disabilities Education Act* (hereinafter "IDEA") is to ensure that students with disabilities have access to a free and appropriate public education, or "FAPE". 20 U.S.C. § 1400(d)(1)(A)[1]. When parents believe that a public school district has, in some manner, denied his or her child a FAPE, the IDEA and its implementing regulations provide that parents may file a complaint for an administrative impartial due process hearing. *See* 20 U.S.C. § 1415(b)(6). The due process complaint must contain "a description of the nature of the problem of the child relating to the proposed or refused initiation or change, including facts relating to the problem." 34 C.F.R. § 300.508(b)(5). The IDEA *explicitly prohibits* parents from raising additional issues at the due process hearing that were not raised in the initial due process complaint without the agreement of the school district. 20 U.S.C. § 1415(f)(3)(B); 34 C.F.R. § 300.511(d).

Here, the Plaintiffs had an additional opportunity to articulate their issues at a pre-hearing conference convened by the Impartial Hearing Officer. Pre-hearing conferences were established in Illinois under Section 14-8.02a of the *School Code* in 1996 partly in response to concerns raised by both parent advocacy groups and school districts about the need for clarity of the specific issues that both parties wished to present evidence on to the hearing officer, thereby avoiding a "shotgun approach." *See* 105 ILCS 5/14-8.02a(g-40). Before pre-hearing

---

[1] What is known now as the IDEA was originally enacted as the All Handicapped Children Act of 1975. The IDEA has been reauthorized several times by Congress, most recently in 2004.

conferences were mandated, it was possible for parties to raise a variety of previously undisclosed issues at hearing, often to the surprise of the other party.

Section 14-8.02 of the *School Code* requires the parties to attend a pre-hearing conference at least 14 days in advance of the hearing, during which the parties are again required to articulate the issues in dispute in the case and the specific relief being sought. *Id*. At the pre-hearing conference, the parties must also disclose a list and brief description of documents they intend to introduce at the hearing as well as identify their witnesses. *Id*. Additionally, when IDEA was re-authorized in 2004, it was amended to allow respondents the opportunity to challenge the sufficiency of the complaint filed against them if, for example, the parent failed to articulate the issues in dispute with sufficient specificity. *See* 20 U.S.C. § 1415(c)(2)(B)(i)(II); 34 C.F.R. 300.508(d).

Subsequently, a hearing is held and a decision is rendered by a state-appointed impartial hearing officer. If either party is unsatisfied with a hearing officer's decision, IDEA provides them the right to appeal the case in a civil action. 20 U.S.C. § 1415(i)(2).

In the Plaintiffs' Motion to Supplement Administrative Record, Plaintiffs seem to claim that they also have an absolute legal right under IDEA to submit additional evidence before this Court. (Pl.'s Mtn. Supp. Adm. Rec. ¶ 2). This is not the case. Although the IDEA states that the district court "shall hear additional evidence at the request of a party", the Seventh Circuit and a variety of its sister Circuit Courts of Appeals have determined that the federal district courts have broad discretion to deny such requests, despite what appears to be mandatory language in the IDEA. *See e.g., Monticello Sch. Dist. No. 25 v. George L.*, 102 F.3d 895, 901 (7th Cir. 1996); *Konkel v. Elmbrook Sch. Dist.,* 348 F. Supp. 2d 1018, 1020 (E.D. Wis. 2004)(citing *Walker County Sch. Dist. v. Bennett,* 203 F.3d 1293, 1298-99 (11th Cir. 2000)); *Town of Burlington v.*

*Dep't of Educ. for Commonwealth of Mass.,* 736 F.2d 773, 791 (1st Cir. 1984); *Indep. Sch. Dist. No. 283 v. S.D by J.D.,* 88 F.3d 556, 560 (8th Cir. 1996); *Bernardsville Bd. of Educ. v. J.H.,* 42 F.3d 149, 161 (3rd Cir. 1994).

As a general matter, "trial courts have discretion to place reasonable limits on the presentation of evidence to prevent undue delay, waste of time, or needless presentation of cumulative evidence." *Konkel,* 348 F. Supp. 2d at 1020, at FN 1 (citing *M.T. Bonk Co. v. Milton Bradley Co.,* 945 F.2d 1404, 1408 (7th Cir. 1991)). The Seventh Circuit has specifically made clear the factors involved in determining whether to admit additional evidence. A district court "must be careful not to allow such evidence to change the character of the hearing from one of review to a trial *de novo.*" *Monticello Sch. Dist. No. 25* v. *George L.,* 102 F.3d 895, 901 (7th Cir. 1996)(citing *Town of Burlington v. Dep't of Educ. for Commonwealth of Mass.,* 736 F.2d 773, 791 (1st Cir. 1984)). Additionally, a court should seriously consider the importance of not pre-empting the "statutory role of the administrative expertise, the unfairness involved in one party's reserving its best evidence for trial, the reason the [evidence was not available at the administrative hearing], and conservation of judicial resources." *Bd. of Ed. of Paxton-Buckely-Loda Unit Sch. Dist. No. 10 v. Jeff S.,* 184 F. Supp. 2d 790, 802 (citing *Bd. of Ed. of Arlington Heights Sch. Dist. No. 25 v. Jamie H.*, 2001 WL 585149 (N.D. Ill. March 19, 2001)).

Allowing the "FACTS documentation" and a portion of a School District administrator's PowerPoint "inclusion" presentation would improperly inject new factual issues into this case, transforming this hearing to a trial *de novo*. (*See* Ex. A to Pl.'s Mtn. to Supp. Adm. Rec.). These documents were properly excluded by the Impartial Hearing Officer at the administrative hearing because the School District's placement of other students apart from Sarah D. as well as the School District's alleged "philosophy" regarding out-of-district placements was never raised as

4

an issue in this case by the Plaintiffs in either their request for due process or during the pre-hearing procedures.

The Plaintiffs are attempting to introduce evidence that was property excluded at the administrative level that would allow them to now raise a new argument that the School District somehow "pre-determined" Sarah's placement because it harbors some alleged bias in favor of inclusion and against out-of-district placements. Had Plaintiffs wished to make such an argument, they needed to raise it in their initial due process complaint as required by IDEA so as to allow the District a full and fair opportunity to respond. They failed to do so and fail to state any reason which would justify their clear failure to do so. The Plaintiffs' legal counsel are among the most experienced special education litigation attorneys in this State. Their due process complaint only raised issues related to Sarah D.'s individual education program and made no reference to any overriding School District "philosophy." (Administrative Record 1517-1519)(hereinafter referred to as "AR").

The Plaintiffs also failed to raise this additional issue at the pre-hearing conference held in September 2007 and failed to include the FACTS documentation or the portion of the School District's presentation in their document list submitted to the hearing officer for the pre-hearing conference. (AR 1547-1550; 1560-1562).

The Plaintiffs had yet a third opportunity to raise this issue when the Impartial Hearing Officer requested in his pre-hearing conference report that the Plaintiffs clarify their issues *in writing* subsequent to the pre-hearing conference. They again failed to do so. (AR 1557). Counsel for the School District only received the FACTS documentation and the portion of an unrelated training presentation to School District staff a mere five days before the hearing on the evidence cut-off date. This was the first and only time the School District was put on notice that

5

this was going to be an issue raised by Plaintiffs. The School District objected to these documents at its first opportunity on the first day of the due process hearing. (AR 1775-1776).

Further, in Plaintiffs' motion, the Plaintiffs argue that the excluded FACTS documentation should be admitted because the School District did not object to another document, a FACTS summary chart, found elsewhere in the Plaintiffs' document binder. With regard to the FACTS summary page (AR 1748), Plaintiffs submitted this document (along with other documents) under separate cover to the Impartial Hearing Officer and opposing counsel on the final disclosure date before the hearing. The fact that the School District, did not object to the FACTS summary page at the hearing does not make the Plaintiffs' argument regarding the School District's alleged pre-determination of Sarah's placement suddenly relevant, nor does it waive the School District's strong overall objection to the FACTS documentation, which was preserved by counsel for the School District in the record. (AR 1775-1776).

The FACTS summary page is just as irrelevant to this case as its underlying documentation, which the Impartial Hearing Officer rightfully determined were inadmissible. By her actions, counsel for the Plaintiffs abided by the Impartial Hearing Officer's irrelevancy ruling, given the fact that she treated it in the same manner as the FACTS documents that were removed from the record and did not refer to the summary page during the questioning of witnesses or her closing argument.

Finally, with respect to the PowerPoint "inclusion" presentation, the School District believes that this partial document was rightfully excluded by the Impartial Hearing Officer for the same reason as the FACTS documentation. The Plaintiffs were attempting to add a new issue in this case that went beyond the scope of the administrative proceedings. This presentation had no relationship to the question of whether the School District provided Sarah

with a free and appropriate education under the IDEA. Further, Plaintiffs only sought to admit a five-page portion of the PowerPoint presentation which best served their purposes to the prejudice of the School District, without putting the presentation in its broader context. (*See* Ex. B to Pl.'s Mtn. Supp. Adm. Rec.). The Plaintiffs' improper use of this information is apparent in their motion where they mischaracterize the portion of the presentation as a "school position statement." (Pl.'s Mtn. Supp. Adm. Rec. ¶ 14). Had these documents been admitted at the administrative hearing, the School District staff would have had the opportunity to explain the presentation's origin and its use in its entirety in the School District. To allow this evidence in now without giving the School District that opportunity would be inappropriate, misleading, and unfair. Therefore, the pages of the presentation should remain excluded for these reasons as well.

**II.    The Affidavits of Ama Thompson and Lee Ann D. Should Be Excluded because They Are Duplicative and Have Little or No Probative Value**

Additional evidence should only be received by a court in the review of an IDEA proceeding if there is a "particularized and compelling justification for doing so", which includes an explanation as to why the evidence is "probative of the issues before the court." *Konkel v. Elmbrook Sch. Dist.*, 348 F. Supp. 2d 1018, 1022 (E.D. Wis. 2004). Further, pursuant to case law of the U.S. Supreme Court and the Seventh Circuit, courts should accord due weight to the administrative proceedings and due deference to the judgment of hearing officers. *Bd. of Educ. of Hendrick Hudson Cent. Sch. Dist. v. Rowley,* 458 U.S. 176, 206 (1982); *Morton Cmty. Unit Sch. Dist.* v. *J.M.*, 152 F.3d 583, 587-88 (7th Cir. 1998). IDEA does not authorize witnesses "to repeat or embellish their prior administrative hearing testimony." *Town of Burlington v. Dep't of Educ. for Commonwealth of Mass.,* 736 F.2d 773, 790 (1st Cir. 1984).

Ama Thompson's additional testimony should be excluded because it has little or no probative value and is duplicative. This Court should defer to the Impartial Hearing Officer's evidentiary ruling regarding Ms. Thompson's testimony because it was based on his own expertise and experience in the area of special education. (*See* AR 1532). Specifically, the Impartial Hearing Officer properly excluded a very narrow line of questioning regarding a comparison of two specific test scores during the direct examination of Ms. Thompson because he determined the testimony had no probative value. (AR 2522-2523).

Ms. Thompson was unable to provide data regarding the correlation between the two tests, rendering the testimony valueless and speculative on the subject of Sarah's educational progress. *Id.* Ms. Thompson in her affidavit even admits that "direct comparison between scores from tests published by different authors should be conducted with caution" and only "conservative generalizations" can be made from those scores. (*See* Ex. C to Pl.'s Mtn. to Supp. Adm. Rec.). Thus, by her own admission, this testimony has little, if any, probative value. And, Ms. Thompson still fails to provide any data regarding the correlation of these tests in her detailed affidavit.

Ms. Thompson's affidavit also contains duplicative testimony which merely serves to embellish her original testimony. Ms. Thompson, for example, has already testified regarding the subtests Sarah completed on the Woodcock Johnson III test and her performance on that test (AR 2524-2527). Ms. Thompson has provided 80-plus pages of testimony at the administrative hearing, which included a detailed account of her testing of Sarah, the test results, and comparisons of those test results that could be directly compared. (AR 2507-2591). Additionally, if the affidavit is admitted, the School District would be deprived of the opportunity to cross examine Ms. Thompson on this new testimony. Plaintiffs' alternative

8

request to take a deposition of Ms. Thompson should also be denied because it would be duplicative and a waste of the parties' and this court's time and resources, given the lack of probative value of this testimony.  Further, if this evidence is admitted, it can be only admitted if this Court finds that the Impartial Hearing Officer's evidentiary rulings were improper, and there is no evidence to support such a finding.  *See Konkel v. Elmbrook Sch. Dist.,* 348 F. Supp. 2d at 1022 (finding that valid reasons for admitting supplemental evidence may include "gaps in the hearing transcript owing to mechanical failure, the unavoidable absence at the hearing of an important witness, or the improper exclusion of relevant evidence by the hearing officer").

For similar reasons, the affidavit of Lee Ann D. should also be excluded because it is duplicative, and because "unfair surprise" is not a basis for admitting additional testimony.  Nor did any such "unfair surprise" occur at the hearing.  Supplementation of the record to "counteract unfair surprise" is not a basis that has been recognized by the Seventh Circuit to support the admission of supplemental evidence, nor do Plaintiffs provide a "strong justification" for why they could not address this issue at the hearing.  *See Konkel v. Elmbrook Sch. Dist*., 348 F. Supp. 2d at 1021-1022.  Additionally, to relax the standard for the admission of additional evidence absent a strong justification would allow parties to protract litigation as they "scramble[d] to patch up holes in their administrative case." *Konkel,* 348 F. Supp. 2d at 1022 (citing *Springer v. Fairfax County Sch. Bd.,* 134 F.3d 659, 667 (4th Cir. 1998)).  Plaintiffs should not be permitted to try and strengthen their case after the fact through the admission of the affidavit of Lee Ann D.

The Plaintiffs have offered no strong justification as to why they could not address the issue of extended school year services ("ESY") during the hearing.   Sarah's special education teacher, Laura Boshart, testified regarding the School District's offer of ESY for Sarah on the first day of the hearing – Lee Ann D. did not testify until the third and last day of the hearing.

9

(AR 1947-48; 2640). Lee Ann D. was in attendance for, and heard, Ms. Boshart's entire testimony. Moreover, Lee Ann D. did testify about her understanding of the ESY program at the School District and what summer tutoring she had arranged for Sarah while she was a student in the School District (AR 2654-55). Therefore, her affidavit is duplicative and would merely serve to embellish her testimony on this topic, which is not an appropriate basis under IDEA to allow admission of additional evidence. *Town of Burlington v. Dep't of Educ. for Commonwealth of Mass.,* 736 F.2d 773, 790 (1st Cir. 1984).

Plaintiffs' insinuation that they had no idea that extended school year services ("ESY") may be brought up at the hearing by the School District is disingenuous at best. Plaintiffs themselves included "Reimbursement for ESY Services" on their list of remedies submitted to the Impartial Hearing Officer. (AR 1551). A child is entitled to extended school year services if they are needed to prevent substantial regression of skills that are learned during the regular school year, and whether a student is eligible for ESY is an explicit part of the development of a child's IEP. *J.P. ex rel. Popson v. West Clark Cmty. Sch.,* 230 F. Supp. 2d 910, 940 at FN 10 (S.D. Ind. 2002)(citing *Alamo Heights Indep. Sch. Dist. v. State Bd. of Educ.*, 790 F.2d 1153, 1158 (5th Cir. 1986)). A determination of a child's eligibility for ESY is made by the IEP team, which includes the parents, at an IEP meeting. Extended school year services were discussed at Sarah's IEP meetings, several of which the parents attended with their attorney, and the IEP forms that the Plaintiffs received regarding their daughter had specific sections for ESY. (AR 1947-48; 2654; *see e.g.*, 393, 668). The School District offered ESY year after year but the parents declined it. As such, Plaintiffs were well aware from their participation in Sarah's IEP meetings and the IEP documents that ESY was a part of Sarah's IEP, and that Sarah's lack of participation in the School District's ESY program could impact her rate of educational progress.

### III. The Progress Report and Occupational Therapy Evaluation Created Subsequent to the Due Process Hearing Have No Bearing on This Case and Should Be Excluded.

#### A. The January 2008 Progress Report is Irrelevant to the Central Issue in This Case and is Unnecessarily Cumulative

The central issue in this case is whether the School District's proposed program for Sarah for the 2007-2008 school year would have been able to confer an educational benefit on Sarah. Reports of a child's progress in a private program, subsequent to a due process hearing, is not probative towards that question and should be excluded where such evidence would transform the proceedings into a trial de novo and where it is prejudicial to the defendant. *Schroll v. Bd. of Ed. Champaign Cmty. Unit Sch. Dist. No. 4,* 2007 WL 683909 (C.D. Ill. March 2, 2007). In *Schroll,* as in this matter, the plaintiffs sought to supplement the record with information about their child's progress at a private school after a due process hearing was completed. The evidence was excluded by the federal district court because it contradicted the defendant school district's argument that the child was making progress in their program, which was a premise that the hearing officer relied upon in his decision, and the new evidence would have tended to transform the proceedings "into a trial de novo." *Id.* The plaintiff's interest in showing the child was not making optimal progress at the district was not enough to overcome the prejudice to the district if the evidence was admitted. *Id.*

Similar to *Schroll,* the Plaintiffs in this case seek to introduce a progress report from Sarah's private day school generated subsequent to the due process hearing in an effort to show that Sarah should have been making "more" progress at the School District, evidence which would once again be unfairly prejudicial to the School District and, in any event, is not probative as to the appropriateness of the School District's recommended program in May 2007. Further, whether Sarah is subsequently making more progress at Hyde Park Day School was not an issue

11

before the Impartial Hearing Officer in this matter. As stated above, the main issue in this case is whether the School District's proposed IEP would be able to confer an educational benefit on Sarah, thereby providing Sarah with a FAPE. (*See* AR 4).

Allowing additional evidence about Sarah's progress at Hyde Park Day School would simply confuse the issues of this case and would prejudice the School District. Nor will evidence of any alleged progress Sarah may be making nearly eight months after she left the School District shed any light on the appropriateness of the School District's proposed individualized educational program for Sarah. Simply because a child makes progress in a private school does not mean that the public school program was inappropriate. *Fuhrmann v. East Hanover Bd. of Educ.*, 993 F.2d 1031, 1040 (3rd Cir. 1993). Plaintiffs' reliance on *John M. v. Bd. of Educ. of Evanston Township High Sch. Dist. 202,* 450 F. Supp. 2d 880, 883-885 (N.D. Ill. 2006), and, *R.B. ex. rel. G.B v. Bartholomew Consol. Sch. Corp.,* 2004 WL 1087367 (S.D. Ind. May 4, 2004), is also misplaced. In *John M.*, later progress reports were admitted to provide insight into how the student was making progress in the *district's proposed placement*, not in a unilateral private placement. And in *Bartholomew,* the additional evidence was limited to progress information from an intensive summer program.

Furthermore, additional evidence admitted by the court in a judicial review of an administrative decision under the IDEA "should not be cumulative or repetitious." *Id.* In this case, admission of the January 2008 progress report would be needlessly cumulative because two progress reports from the summer and early fall of 2007 from Hyde Park Day School (the private placement chosen by the parents) are already a part of the administrative record and were considered by the Impartial Hearing Officer. (AR 1437-1476). Additionally, the allegation that

Sarah is doing well in her private school program does not make the School District's program inappropriate.

IV. **The New Occupational Therapy Evaluation Is Wholly Irrelevant to the Issues raised by the Plaintiffs During the Administrative Proceeding and Should Be Excluded.**

Plaintiffs' request to admit an occupational therapy ("OT") evaluation conducted in December 2007 should be denied because Plaintiffs did not raise Sarah's occupational therapy needs as an issue at any time during the IEP process or at any stage of the administrative proceeding below. To admit this evidence now would surely transform this review into a trial *de novo,* since Plaintiffs' motion to supplement the record in this case is the *first* instance in this entire proceeding that Plaintiffs have accused the School District of failure to address Sarah's OT needs. Plaintiffs failed to raise OT as an issue in their due process request, as required by the IDEA, nor did they raise it at the pre-hearing conference or when asked by the hearing officer at the pre-hearing conference to further clarify their issues. Plaintiffs did not even make any allegations regarding OT in their federal complaint. Additionally, there is no evidence in the record that Sarah's parents or their attorney, who was present at multiple IEP meetings, *ever* made a request of School District staff to conduct an OT evaluation of Sarah.

Plaintiffs' claim that Sarah's mother repeatedly requested OT services to address Sarah's handwriting is also not supported by the record. The record shows that Lee Ann D. did express concerns regarding Sarah's handwriting and that the School District addressed Lee Ann. D's expressed concern by adding a goal in the IEP to address that skill. (AR 580). Lee Ann D. admitted at the hearing that the School District had written a handwriting goal for Sarah in the IEP at her request. (AR 2683). The parents and their counsel expressed no disagreement over the handwriting goal. (AR 580, 2683). The OT evaluation should also be excluded from evidence

13

because the School District staff had no opportunity to meet and consider the evaluation, make any decisions with respect to Sarah's OT needs, or implement any recommended services. In sum, Plaintiffs fail to provide any compelling justification for why this evidence should be admitted.

## CONCLUSION

The Seventh Circuit and various federal trial courts in the Seventh Circuit have carefully limited the admissibility of additional evidence in an appeal of a special education due process hearing decision. The administrative process afforded the Plaintiffs a full and fair opportunity to articulate the issues they wished to litigate and present evidence in support of those issues. Here the purpose of their additional evidence submissions is simple - they did not prevail at the hearing and now seek a second trial before this Honorable Court. This is not contemplated by the IDEA and the School District respectfully requests that this Honorable Court deny the Motion.

    Respectfully Submitted,

    BOARD OF EDUCATION OF
    APTAKISIC-TRIPP COMMUNITY
    CONSOLIDATED SCHOOL DISTRICT NO. 102

    By: /s/ Debra H. Kaplan
         One of its Attorneys

Jay Kraning
Debra H. Kaplan
HODGES, LOIZZI, EISENHAMMER,
 RODICK & KOHN
3030 Salt Creek Lane, Suite 202
Arlington Heights, IL  60005
(847) 670-9000 (phone)
(847) 670-7334 (fax)
jkraning@hlerk.com
dkaplan@hlerk.com

## CERTIFICATE OF SERVICE

I, Debra H. Kaplan, an attorney, hereby certify that a true and correct copy of the foregoing Defendant School District's Response in Opposition to Plaintiffs' Motion to Supplement Administrative Record was served on the 3rd day of April, 2008, by transmitting the same electronically to the Clerk of Court, in accordance with FED. R. CIV. P. 5(b)(2)(D), LR5.5 and the General Order on Electronic Case Filing pursuant to the district court's Electronic Case Filing (ECF) system as to ECF filers.

By: /s/ Debra H. Kaplan
One of the Attorneys for
Defendant School District

Jay Kraning
Debra H. Kaplan
HODGES, LOIZZI, EISENHAMMER,
 RODICK & KOHN
3030 Salt Creek Lane, Suite 202
Arlington Heights, IL  60005
(847) 670-9000 (phone)
(847) 670-7334 (fax)
jkraning@hlerk.com
dkaplan@hlerk.com

152366_3.DOC