IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JAMES and LEE ANNE D., Individually and as Next Friends of Sarah D., a Minor,<br>    Plaintiffs<br><br>v.<br><br>Board of Education of Aptakisic-Tripp Community Consolidated School District No. 102,<br>    Defendant. | Case No. 07 C 7018 |

**REPLY IN SUPPORT OF PLAINTIFFS' MOTION
TO SUPPLEMENT ADMINISTRATIVE RECORD**

NOW COME PLAINTIFFS JAMES and LEE ANNE D., Individually and as Next Friends of SARAH D., a Minor, by and through their attorneys, MONAHAN & COHEN, and as their Reply in Support of Plaintiffs' Motion to Supplement Administrative Record, state as follows:

**I.  Supplementing the Record in This Case Serves the Purpose of IDEA**

Judicial review under the Individuals with Disabilities Education Act ("IDEA") is not limited to the administrative record due to the Congressional instruction that the Court "shall hear" additional evidence at the request of a party. *R.B. v. Bartholomew Consol. Sch. Corp.*, 2004 WL 1087367 (S.D. Ind.). Congress' central goal in enacting the IDEA was to ensure that each child with disabilities has access to a program designed to achieve educational progress. *Susan N. v. Wilson Sch. Dist.*, 70 F.3d 751, 760 (3rd Cir. 1995). In *Susan N.*, the Court of Appeals explained:

> … A court must exercise particularized discretion in its rulings so that it will consider evidence relevant, non-cumulative, and useful in determining whether Congress' goal has been reached for the child involved. Consequently, on remand the district court should use this standard in determining whether to admit the proffered additional evidence, *i.e.*, **would the evidence assist the court in ascertaining whether Congress' goal has been and is being reached for the child involved**.

*Id.* (emphasis added). See also *Mavis v. Sobol*, 839 F.Supp. 968, 980 (N.D. N.Y. 1994) (resolving educational issues is not easy and any relevant evidence which would assist the court in deciding these issues should be considered).

As described below, the limited supplemental evidence Plaintiffs seek to admit consists of evidence available to Plaintiffs only after the hearing, but relevant to Sarah's educational program at issue in the hearing, evidence submitted by Plaintiffs at the hearing, but excluded by the Impartial Hearing Officer ("IHO"), or evidence that addresses very limited points of testimony. Defendant cites no case law for the proposition that a plaintiff may not supplement the record to seek to overturn the IHO's Order and provides no specific description of how it will be "prejudiced" by the allowance of additional evidence.

**II. Events Arising After the Administrative Hearing are Proper Supplemental Evidence**

The IDEA standard for additional evidence is set forth in the seminal *Burlington* case, which allows supplementation of the record with "relevant events occurring subsequent to the administrative hearing." *Town of Burlington v. Dep't of Educ. for Com. of Mass.*, 736 F.2d 773, 790 (1st Cir. 1984) *affirmed*, 471 U.S. 359 (1985). The *Burlington* Court recognized that in many instances, the court will need to be updated on the student's progress from the time of hearing until the present. *Id.* at 791. Information about a student's progress allows the court to form the "independent judgment Congress expressly directed" of the court. *Id.* at 790. The

Seventh Circuit adopted the reasoning of *Burlington*, concerning supplemental evidence, in *Monticello Sch. Dist. No. 25 v. George L.*, 102 F.3d 895, 901 (7th Cir. 1996).[1]

Plaintiffs seek to admit Sarah's January 2008 Individual Learning Plan ("ILP") progress report from Hyde Park Day School and Sarah's December 3, 2007 occupational therapy evaluation to update the court on Sarah's ongoing programming and progress in that school. Evidence of Sarah's continuing program and progress is relevant to her potential, the progress she has made in her private placement, the reasonableness of the District's proposed program, and the reasonableness of the IHO's Decision.

### A. Reports Updating the Court on Student Progress are Specifically Contemplated and Routinely Admitted Pursuant to the Additional Evidence Rule

Courts regularly allow evidence of a student's progress during and after the hearing to provide information to the court as to whether the District's proposed IEP provides a free appropriate public education ("FAPE"), the consideration Defendant describes as the main issue in this case. (Def. Response p. 12) In *Konkel v. Elmbrook Sch. Dist.*, 348 F.Supp. 2d 1018, 1024 (E.D. Wis. 2004), a case cited by Defendant as limiting the scope of additional evidence, the court allowed plaintiffs to supplement the record with progress reports arising after the hearing. As in this case, the *Konkel* plaintiffs argued that the progress report was relevant to show the student's educational potential and, given that potential, whether the IEP developed for that student was reasonably calculated to provide educational benefit. The court held that it could not conclude that the progress report lacked any tendency to show the absence of educational benefit

---

[1] Other courts have recognized that the Seventh Circuit has adopted the *Burlington* Court's reasoning. *See, e.g., R.B. v. Bartholomew Consol. Sch. Corp.*, 2004 WL 1087367, *2 (S.D. Ind. 2004) (Seventh Circuit endorsed *Burlington* in *Monticello* and the court in *Burlington* explicitly described evidence of events after the hearing as allowable supplemental evidence; *Beth B. v. Van Clay*, 211 F.Supp. 2d 1020, 1025 (N.D. Ill. 2001) (*Burlington* case cited by Seventh Circuit with approval in the *Monticello* case). *See also Walker County Sch. Dist. v. Bennett*, 203 F.3d 1293, 1299 (11th Cir. 2000) (adopts *Burlington* holding, indicating that it aligns with the Seventh and Ninth Circuits). And *see John M. v. Bd. of Educ. of Evanston Tp. High Sch. Dist.*, 450 F.Supp. 2d 880, 884-5 (N.D. Ill. 2006), *rev'd on other grounds*, 502 F.3d 708 (7th Cir. 2007). (Restricted view of supplemental evidence turns the IDEA on its head. The court must review relevant evidence to determine if student was provided a FAPE.)

from the school's program, and admitted the progress information. The court, although conservative in its analysis of when to supplement the record, admitted the progress report into evidence. *Id.* at 1023-1024.

In *R.B. v. Bartholomew Consolidated Sch. Corp.*, 2004 WL 1087367, *2 (S.D. Ind.), the court, citing *Burlington* and the Seventh Circuit's holding in *Monticello Sch. Dist. No. 25 v. George L.*, 102 F.3d 895, 901 (7th Cir. 1996), held that evidence of the student's progress in intensive therapy the summer after the hearing was admissible to supplement the record. The court recognized that it should be updated on R.B.'s progress. Likewise, in *Stanley C. v. M.S.D. Southwest Allen County Sch.*, 2007 U.S. Dist. LEXIS 92335, *11-12, the district court allowed a student's test scores to supplement the record, stating that the scores were directly relevant to the student's educational status during the time period in question, to the improvement and rate of progress she could make, and to the appropriateness of the educational programming she received during the previous school years. As in *Stanley C.*, the report Plaintiffs seek to admit relates to Sarah's progress during the relevant period of time, but was not available until after the hearing. The report indicates Sarah's progress since September 2007. The progress reports are directly relevant to, and reflect the amount and rate of progress Sarah can make, and the appropriateness of her IEP during the years in question. In *John M. v. Bd. of Educ. of Evanston Twp. High School District 202*, 450 F.Supp. 2d 880, 884 (N.D. Ill. 2006), *r'vd on other grounds*, 502 F.2d 708 (7th Cir. 2007), the court admitted recent progress reports to "help this Court in determining whether John M. is being provide an appropriate education." *See also Peter G. v. Chicago Pub. Sch. Dist. No. 299*, 2002 WL 31049838, *1 (N.D. Ill.) (supplemental evidence allowed to show progress since hearing that would aid court in its IDEA determination).[2]

---

[2] *See also, Mr. I. v. Maine Sch. Admin. Dist.*, 2004 WL 2397402 *3 (D. Me. 2004) (evidence of student's progress since the administrative hearing is relevant and helpful to the court in determining the reasonableness of the

Likewise, the occupational therapy evaluation requested by Sarah's teacher at Hyde Park Day School is relevant to a determination of the reasonableness of the Defendant's IEP and the IHO's Decision. Sarah received occupational therapy ("OT") at the School District prior to the 2005-2006 school year, but the school stopped providing OT in May 2005. Administrative Record ("AR") 1233, 1258. In October 2006, Defendant re-evaluated Sarah for special education, but did not evaluate Sarah's need for OT. AR 1306. At a November 2006 IEP meeting, Sarah's mother requested a goal for handwriting, spacing and writing the correct letter case, skills that are often addressed by an occupational therapist. AR 1315. The school did not write a goal or provide OT at that time. AR 1320-1334. In February 2007, Sarah's mother again requested help with Sarah's handwriting. With attorneys present, the school agreed to write a handwriting goal, but did not provide OT services. AR 1347, 1352. In May 2007, the District did not invite an occupational therapist to the meeting, did not provide OT services, and dropped the handwriting goal. AR 1360, 1370-1384.

In contrast, Sarah's teacher at Hyde Park Day School noticed that Sarah was having difficulty with fine motor output and motor planning skills during class activities and requested an OT evaluation. Exhibit E, page 1. As a consequence of the evaluation, Sarah receives OT services at Hyde Park Day School, receives help with her handwriting, and now has OT goals and strategies. Exhibit E, pages 36-40. The January 2008 ILP and OT evaluation should be admitted to update the court and to provide information about the reasonableness of the District's program.

---

administrative decision); *Mavis v. Sobel*, 839 F.Supp. 968, 980 (N.D. N.Y. 1993) (Court supplemented record to update court on student's progress because educational issues are difficult and relevant evidence assists the court in deciding them); *Metropolitan Bd. of Pub. Educ. v. Guest*, 193 F.3d 457, 463 (6th Cir. 1999) (evidence of events arising during the 1996-1997 and 1997-1998 school years was properly admitted by district court for purposes of deciding whether the proposed IEP for 1996-1997 was reasonably calculated to lead to educational benefits) (citing *Fuhrman v. East Hanover Bd. of Educ.*, 993 F.2d 1031, 1040 (3rd Cir. 1993)).

The *Schroll* case cited by Defendant, is easily distinguished from this case. In *Schroll*, the program about which the plaintiffs attempted to supplement the record was not considered at the due process hearing, 2007 WL 683909 at * 1. In this case, Hyde Park Day School was clearly part of the evidence considered at the hearing and was the placement Sarah's parents requested as relief. Also in *Schroll*, the plaintiffs did not make any argument as to why the supplemental evidence was relevant. *Id.* at 3. In this case, Plaintiffs seek to show Sarah's potential and continuing progress in her current placement, which are directly relevant to determining whether Defendant's IEPs have provided Sarah a FAPE. Defendant does not state specifically in its response how allowing the progress report and OT evaluation would prejudice it or how it would confuse the issues in this case.

### B. The Evaluation and Progress Report are Close in Time to the Administrative Decision

Sarah's December 2007 OT evaluation and January 2008 progress report are close in time to the administrative decision rendered in November 2007. The January ILP describes Sarah's progress during the hearing and shortly after the hearing and describes her ongoing program for this school year. As in *R.B. v. Bartholomew Consol. Sch. Corp.*, 2004 WL 1087367 (S.D. Ind.), Plaintiffs request to supplement the record with a report describing progress within a few months after the hearing decision was rendered. Courts have supplemented the record with progress reports much more distant in time than Plaintiffs propose here. *See, e.g., Konkel v. Elmbrook Sch. Dist.*, 348 F.Supp. 2d 1018, 1023-4 (E.D. Wis. 2004) (Court supplemented the record with progress reports from the 2003-2004 school year when the administrative hearing related to the 2002-2003 school year); *Metropolitan Bd. of Pub. Educ. v. Guest*, 193 F.3d 457, 463 (6th Cir. 1999) (Court supplemented record with evidence of the 1997-1998 school year to review 1996-1997 school year); *Mavis v. Sobel*, 839 F.Supp. 968, 978 (N.D. N.Y. 1999) (Court

accepted information about student in sixth grade although litigation began when the student was in first grade). An examination of relevant case law indicates that Plaintiffs' Hyde Park ILP and occupational therapy evaluation are clearly within an appropriate time range.

### C. The Evidence is Not Cumulative

Furthermore, neither the OT evaluation nor the progress report is cumulative. Although the January 2008 ILP does include a progress report from September 2007 that Plaintiffs submitted at the hearing, the ILP reports progress from September 2007 through January 2008, which was not available at the October hearing. The OT evaluation took place shortly after the hearing. This Court should admit the progress report and OT evaluation to supplement the record.

### III. The FACTS Documentation and Inclusion Presentation are Directly Relevant to Sarah's Placement and Were Wrongly Excluded by the IHO

A student's IEP goals, services and placement must be individualized and appropriate for that student. 20 U.S.C. § 1414(d). *See, e.g., Schaffer v. Weast*, 546 U.S. 49, 51 (2005). A school district's decision that private placements will not be offered regardless of a student's needs deprives parents of meaningful participation in the IEP process, results in substantive harm and deprives the student of FAPE. *See Deal v. Hamilton County Bd. of Educ.*, 392 F.3d 840, 855-859 (6th Cir. 2005). Placement is the central issue in this case and was so described in Plaintiffs' initial due process hearing request (AR 1517, ¶ 2), in Plaintiffs' September 10, 2007 letter to the IHO further describing the issues after the pre-hearing conference (AR 1557, ¶ 3), and in Plaintiffs' opening and closing statements. In Plaintiffs' opening statement, counsel specifically stated that the District must offer a continuum of educational placements and that Sarah requires a specialized placement to learn to read. AR 1782:7-10.

Plaintiffs explained the relevance of the FACTS information and inclusion presentation,[3] both when these documents were objected to before the hearing, and during closing argument.[4] Plaintiffs indicated that the FACTS materials and inclusion presentation provided evidence about whether the District offered a continuum of placements to Sarah and proposed an appropriate placement for her. AR 1774:17-1775:10. In closing argument, when discussing the issue of Sarah's placement, Plaintiffs argued that the Defendant's placement decision was based on more than Sarah's individual needs, reviewed testimony of witnesses who had never been to an IEP meeting in which a student had been placed in a specialized school outside the district, and described that, based upon the FACTS summary still in the record, private placements made by the District had decreased in the last five years. AR 2824:22-2825:8.

The FACTS documentation and inclusion presentation are directly relevant to whether the District failed to propose an appropriate placement for Sarah. *See B.A. v. Cape Elizabeth Sch. Comm.*, 1999 WL 1995213 (D. Me.) (supplemental evidence would bear directly on central issue in case). Defendant's IEP decisions made on the basis of a philosophy or policy that all students must be served within the district and will not be sent to an out of district, specialized setting, is not an IEP determination individualized to Sarah and denies Sarah a FAPE. But even if Defendant's unwritten policy against private placements had not been raised at the

---

[3] "Inclusion presentation" is the title given the document by Defendant on its website. *See* Exhibit B to Plaintiffs' Motion to Supplement Administrative Record.

[4] In addition to arguing incorrectly that Plaintiffs did not refer to the FACTS summary during closing argument, Defendant indicates that Plaintiffs did not include the FACTS and inclusion presentation in their pre-hearing document list. However, a review of Defendant's own pre-hearing and final document lists indicates that Defendant included substantially more documents in their final hearing document list than in their pre-hearing list, including documents to which they had objected at the pre-hearing. (cf AR 809 with AR 143.) To satisfy disclosure requirements, Plaintiffs need only identify all the documents they intend to use at the hearing a "mere" five days before the hearing. 34 CFR § 300.512(a)(3). Furthermore, Plaintiffs properly tendered the FACTS documentation at issue, the FACTS summary and the inclusion presentation all on the disclosure date. The FACTS documentation and summary are separated in the evidence book because of the IHO's last minute change in the disclosure date after an ex parte conference with Defendant's counsel. AR 1597. Plaintiffs had already prepared their hearing notebook when the IHO changed the disclosure date and therefore some pages were added at the end of the evidence submission. Plaintiffs filed a motion for recusal with the IHO based on this ex parte conversation, but the IHO refused to recuse himself. AR 1604.

administrative level, exhaustion of administrative remedies is futile on this issue due to the inadequacy of the administrative process and the IHO's refusal to hear the evidence. No administrative expertise is necessary when dealing with allegations of systemic problems. *See, e.g., D.L. v. District of Columbia*, 450 F.Supp. 2d 11, 17-19 (D.D.C. 2006) (citing U.S. Supreme Court examples of exhaustion exceptions and explaining futility); *Weyrick v. New Albany-Floyd County Consol. Sch. Corp.*, 2004 WL 3059793, * 17 (S.D. Ind.) (patterns and practices of illegality are exception to IDEA exhaustion requirement).

There is no way that admission of the FACTS material and inclusion presentation is prejudicial to Defendant. All of these documents were generated by Defendant and have been in Defendant's possession before, during and after the administrative hearing. Defendant's special education director, who authored the documents in question, testified at the hearing. Plaintiffs' have already indicated that they have no objection to including the entire inclusion presentation (as it existed on the website when Plaintiffs printed it for the hearing) in the record. The district court in *R.B. v. Bartholomew Consol. Sch. Corp.*, 2004 WL 1087367 (S.D. Ind.) recognized the distinctiveness of IDEA proceedings and held that the better approach is for the court to hear supplemental evidence, to allow defendants the opportunity to challenge it, and to consider its weight given all the evidence in the record. *Id.* at * 7.

Defendant's reliance on *Board of Educ. of Paxton-Buckley-Loda Unit Sch. Dist. v. Jeff S.*, 184 F.Supp. 2d 790 (C.D. Ill. 2002) is misguided. In that case, the party attempting to supplement the record saved its evidence for the district court and did not submit it to the IHO. In this case, Plaintiffs submitted the documents at the administrative hearing and the IHO excluded them. The FACTS documentation and inclusion presentation are relevant to the issue

9

of Sarah's placement and FAPE and were wrongly excluded by the IHO in a cursory manner before the hearing began or any witnesses had testified.

### IV. The Affidavit of Sarah's Reading Expert Should be Admitted to Clarify a Specific Point Excluded by the IHO

Another example of evidence regularly admitted to supplement an administrative record is evidence improperly excluded by an IHO. *Burlington*, 736 F.2d at 790. At the hearing, Dr. Thompson attempted to compare standardized test scores of Sarah obtained during the 2006-2007 school year. The IHO, on his own initiative, halted Dr. Thompson's comparison. AR 2521-2523. The affidavit submitted is not duplicative, as Dr. Thompson was not permitted to provide testimony comparing the October 2006 and June 2007 tests. The affidavit is probative to a central issue in this case: Sarah's lack of progress in Defendant's program. *See B.A. v. Cape Elizabeth Sch. Comm.*, 1999 WL 1995213 (D. Me.) (supplemental testimony allowed when it bears directly on a central issue in case). Dr. Thompson's affidavit is not submitted to embellish her testimony at hearing, but to specifically address a test comparison disallowed by the IHO. *See, e.g., Peter G. v. Chicago Pub. Sch. Dist. No. 299*, 2002 WL 31049838, *2 (N.D. Ill.) (supplemental testimony allowed to specifically address certain terminology used at the hearing). *See also, Deal v. Hamilton County Bd. of Educ.*, 392 F.3d 840, 850 (6th Cir. 2005) (supplemental evidence allowed which was limited in scope). Furthermore, the *Burlington* Court specifically indicated that additional testimony of an expert should be admitted to "illuminate the nature of the controversy." *Burlington*, 736 F.2d at 790-791. Dr. Thompson's affidavit should be allowed to complete her hearing testimony.

### V. Lee Anne D.'s Affidavit Should be Admitted to Rebut a New Defense

The *Burlington* court declined to adopt a rule rigidly preventing supplemental evidence from a person who did, or could have testified at an administrative hearing because the court did

not want to limit a court's discretion or constrict its ability to make an independent judgment in the case. *Burlington*, 736 F.2d at 790. In this case, that Sarah's parents had privately paid a reading specialist one summer and privately paid the school's special education teacher another summer for services in lieu of sending Sarah to the Defendant's unspecified summer programming was never mentioned as a defense in the District's Response to the parents' hearing request, but became an important part of the IHO's decision.[5] AR 777-779. This ludicrous and improper blaming of Sarah's parents for her lack of progress was actually a tactic brought up by the IHO in questioning witnesses.[6] Lee Anne D.'s affidavit provides evidence of the unreasonableness of the IHO's decision. *See, Susan N., supra*, 70 F.3d at 760. The family hired a reading specialist one summer and Defendant's special education teacher another summer to provide services to Sarah.[7] In contrast, the District offered an ESY program of unspecified length, without goals and objectives and without explaining the program to Sarah's parents. AR 2648:12-2650:5; AR 2654:5-2655:16.

Courts have supplemented the administrative record with affidavits or testimony as a "hedge against injustice" when an issue is raised unfairly. *See, e.g., Doe v. Clark County Bd. of Educ.*, 2007 WL 2462615, *5 (D. Nev. 2007) (supplemental evidence may be admitted in cases of surprise); *Mr. I. v. Maine Sch. Admin. Dist.*, 2004 WL 2397402, *4 (D. Me.) (supplemental evidence allowed when plaintiff did not have adequate opportunity to respond). As does Dr.

---

[5] Interestingly, throughout its Response, Defendant argues, albeit incorrectly, that Plaintiffs' supplemental evidence raises issues not in Plaintiffs' hearing request. In fact, the defense of blaming the parents for Sarah's lack of progress because they paid privately for summer services is not in Defendant's response and was manufactured principally by the IHO. However, Defendant sees no prejudice to Sarah's parents from this new defense.

[6] *See*, for example, AR 2044:20-2045:19; AR 2205-2210.

[7] Another misstatement in Defendant's response is that Sarah's parents brought an attorney with them to several meetings at which summer services ("ESY") was discussed. (Response, p. 10). The family's attorney attended only two IEP meetings, in February 2007 and May 2007. AR 1344; 1360. ESY was discussed only at the May 2007 meeting. AR 1355, 1390-1392.

Thompson's affidavit, Lee Anne D.'s affidavit addresses a limited point of testimony and should be admitted to supplement the record.

### VI. Conclusion

The Court should supplement the record with Plaintiffs' requested evidence as relevant, non-cumulative, and helpful to the court in exercising its independent judgment. Each exhibit that Plaintiff seeks to admit comes within the *Burlington* rationale for allowing additional evidence.

Respectfully submitted,

/s/ Courtney N. Stillman
Courtney N. Stillman, One of the Attorneys for Plaintiffs

Matthew D. Cohen
Courtney N. Stillman
MONAHAN & COHEN
Attorneys for Plaintiffs
55 West Monroe Street
Suite 3700
Chicago, IL 60603
(312) 419-0252
Dated: April 9, 2008
F:\CASE\D\Reply in Support of Motion to Supplement the Record

## CERTIFICATE OF SERVICE

      I hereby certify that on April 9, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to the following persons:

      scalloway@atg.state.il.us

      kdonoghue@atg.state.il.us

      mcapra@atg.state.il.us

      dkaplan@hlerk.com

      jkraning@hlerk.com

      rswain@hlerk.com


                                        /s/ Courtney N. Stillman
                                        Courtney N. Stillman, One of the Attorneys for Plaintiffs