Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert M. Dow, Jr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 07 C 7018 | **DATE** | 8/12/2008 |
| **CASE TITLE** | James and Lee Anne D. et al. vs. Board of Educ. of Aptakisic-Tripp Sch. Dist. | | |

**DOCKET ENTRY TEXT**

Plaintiffs' motion to supplement the administrative record [28] is granted in part and denied in part as explained in detail in the accompanying minute order. Plaintiffs are requested to provide the Court and Defendant with a complete copy of the inclusion presentation on or before by 8/20/08. This case is set for status on 9/10/08 at 9:00 am.

■[ For further details see text below.]

Docketing to mail notices.

## STATEMENT

In this case, Plaintiffs seek review of an administrative due process hearing held pursuant to the Individuals with Disabilities Education Improvement Act ("IDEA"), 20 U.S.C. § 1400 *et seq*. Plaintiffs filed a complaint [1] on behalf of their daughter, Sarah D., seeking to "enforce the right of their daughter to a free appropriate public education" ("FAPE") and to appeal a decision made by an independent hearing officer ("IHO") after an administrative due process hearing held pursuant to the IDEA. "A free appropriate public education is one specially designed to meet the unique needs of the handicapped child, supported by services as are necessary to permit the child to benefit from the instruction." *Board of Educ. of Murphysboro Comm. Unit Sch. Dist. No. 186 v. G.S.*, 41 F.3d 1162, 1166 (7th Cir. 1994). The standard of review in IDEA cases is based upon a preponderance of the evidence (see 20 U.S.C. § 1415(i)(2)(C)(iii)) and is "more stringent than merely ensuring the hearing officer's decision is supported by substantial evidence, but it is not completely *de novo* either. We are to give 'due weight' to the hearing officer's findings." *Board of Educ. of Arlington Height Sch. Dist. No. 25 v. Illinois State Board of Educ.*, 2001 WL 585149, at *4 (N.D. Ill. March 19, 2001) (citing *Heather S. v. Wisconsin*, 125 F.3d 1045, 1052 (7th Cir. 1997)); see also *Krista P. v. Manhattan School Dist.*, 255 F. Supp. 2d 873, 885 (N.D. Ill. 2003).

Currently pending before the Court is Plaintiffs' motion to supplement the administrative record [28] with the following items: (1) FACTS documentation and an "inclusion" presentation previously excluded from the record by the IHO; (2) post-hearing documentation regarding Sarah's progress; (3) an affidavit from Sarah's reading expert; and (4) an affidavit from Sarah's mother. Defendants oppose the motion, arguing throughout their response that allowing Plaintiffs to supplement the record here would result in a trial "de novo" rather than a proper review by this Court. See, *e.g.*, Defs. Resp. at 1.

| **STATEMENT** |
|---|

In some instances, a federal district court reviewing the administrative decision of an IHO may allow a requesting party to supplement the administrative record pursuant to 20 U.S.C. § 1415(i)(2)(C). Although Section 1415(i)(2)(C) is written in mandatory terms – the Court "shall hear additional evidence at the request of party, and basing its decision on the preponderance of the evidence shall grant such relief as the court determines is appropriate" – the Supreme Court has cautioned that it should not be read as "an invitation to the courts to substitute their own notions of sound educational policy for those of the school authorities which they review." *Board of Educ. v. Rowley*, 458 U.S. 176, 206 (1982). Applying that principle, the Seventh Circuit has stressed that "a district court is not required to allow all evidence proffered by a plaintiff in an IDEA proceeding." *Monticello School Dist. No. 25 v. George L.*, 102 F.3d 895, 901 (7th Cir. 1996). In fact, the Seventh Circuit, agreeing with the First Circuit, has held that "the determination of whether to allow additional evidence under § 1415(i)(2) 'must be left to the discretion of the trial court which must be careful not to allow such evidence to change the character of the hearing from one of review to a trial *de novo*.'" *Id.* at 902 (quoting *Town of Burlington v. Dept. of Educ.*, 736 F.2d 773, 791 (1st Cir. 1984), aff'd, 471 U.S. 359 (1985)).

Under *Burlington*, "a court should weigh heavily the important concerns of not allowing a party to undercut the statutory role of the administrative expertise, the unfairness involved in one party's reserving its best evidence for trial, the reason the [evidence was not available at the administrative hearing], and conservation of judicial resources." *Arlington Heights*, 2001 WL 585149, at *3. In addition, because reasons to supplement the record vary, and include improper exclusion of the evidence by the IHO, evidence concerning relevant events that occurred subsequent to the administrative hearing, and evidence that fills in gaps in the record (*Burlington*, 736 F.2d at 790-791; *Krista P.*, 255 F. Supp. 2d at 885), each request must be considered on a case-by-case basis. Finally, it bears mentioning that admitting additional evidence would affect this Court's review of the IHO's decision. "The Seventh Circuit describes the standard of review in IDEA cases as a sliding scale, with a more searching review necessary the greater the amount of new evidence submitted to the court." *Krista P.*, 255 F. Supp. 2d at 885 (citing *Sch. Dist. of Wis. Dells v. Littlegeorge*, 295 F.3d 671, 675 (7th Cir. 2002)). But, "[w]hen no new evidence is submitted, the court owes considerable deference to the hearing officer." *Id.*

Mindful of the parameters outlined above, the Court will turn to Plaintiffs' specific requests to supplement the record.

FACTS Documentation and the Inclusion Presentation

Plaintiffs contend that the IHO improperly excluded (1) FACTS documentation previously submitted to the State of Illinois by Defendant along with instructions regarding the completion of those forms (see Pls. Ex. A), and (2) a PowerPoint presentation related to "inclusion" prepared by the school district and published on its website (see Pls. Ex. B). Pls. Mtn. at 2-3. Plaintiffs claim that both sets of documents should have been admitted because they are relevant to a central issue in the case – namely, Sarah's placement. Pls. Mtn. at 3; Compl. ¶¶ 48, 49. In response, Defendant argues that "allowing the 'FACTS documentation' and a portion of a School District administrator's PowerPoint 'inclusion' presentation would improperly inject new factual issues in this case." Def. Resp. at 4. According to Defendant, Plaintiffs never raised the school district's placement of students other than Sarah or the school district's alleged philosophy regarding out-of-district

| STATEMENT |
|---|

placements, either in their request for a due process hearing or during the pre-hearing procedures before the IHO. Def. Resp. at 4-5. The IHO excluded the documents as irrelevant. See Administrative Record ("AR") at 1775.

At the outset of the due process hearing commenced on October 29, 2007, the IHO summarized (without objection from the parties) the issues for consideration at the hearing as follows:

> (1) whether the school district failed to provide Sarah with a reading program that enabled her to make meaningful progress per 20 U.S.C. § 1414(d), 34 C.F.R. § 300.320;

> (2) whether the school district failed to provide Sarah with an appropriate IEP per 20 U.S.C. § 1414(d), 34 C.F.R. § 300.320, 34 C.F.R. § 324, I.A.C. 226.230;

> (3) whether the school district failed to provide Sarah with an appropriate placement pursuant to 20 U.S.C. § 1412(a)(5), 34 C.F.R. § 300.115;

> (4) whether the school district failed to address all of Sarah's educational needs, which consists of language arts, math, executive functioning, and social/emotional needs, in addition to reading, pursuant to 20 U.S.C. § 1414(d), 34 C.F.R. § 300.320; and finally,

> (5) whether the school district failed to adequately consider private evaluation tendered by Sarah's parents pursuant to 34 C.F.R. § 300.324.

AR at 1759-1760. With respect to Defendant's contention that the FACTS documentation and the 'inclusion' presentation were not properly disclosed at the prehearing conference or in the prehearing materials (Def. Resp. at 5), Plaintiffs correctly point out that the applicable rules only require disclosure of documents that will be used at the due process hearing within five business days of the hearing. See 34 C.F.R. § 300.512(a)(3). Plaintiffs contend that they complied with that rule (Pls. Reply at 8), and this Court finds no basis for disputing Plaintiffs' assertion. In any event, when Defendant objected to the use of the FACTS documentation, the IHO questioned Plaintiffs' counsel as to the relevance of these documents. AR at 1775. Plaintiffs' counsel explained that although the IHO was "suggesting it goes to the issue of reading, [] it actually goes to the issue of placement and whether a continuum of services is being offered Sarah, a continuum of placement, including an out-of-district placement." *Id.* Defendant interjected that the issue was not properly raised in the due process request or the prehearing materials and the IHO then excluded it. *Id.* Defendant also raised an objection to the "inclusion" presentation because it was only a portion of the presentation and therefore it was misleading and unrepresentative. *Id.* at 1778. The IHO excluded the presentation apparently on the ground that the document was generalized and not specific to Sarah's placement. *Id.*

In this Court, Plaintiffs renew the contention that both the FACTS documentation and the inclusion presentation are "directly relevant to whether the District failed to propose an appropriate placement for Sarah" under 20 U.S.C. § 1414(a)(5) of the IDEA. Pls. Reply at 8. Plaintiffs further assert that these materials are not prejudicial to Defendant because Defendant produced them and was in possession of them

| STATEMENT |
|---|

before, during, and after the administrative hearing. For those reasons, Plaintiffs submit that the Court should allow the supplement to the record and permit Defendant an opportunity to challenge the additional evidence. Pls. Reply at 9 (citing *R.B. v. Bartholomew Consol. Sch. Dist.*, 2004 WL 1087367, at *7 (S.D. Ind. May 4, 2004)).

At this stage, the Court finds that the FACTS documentation and the inclusion presentation may be at least marginally relevant to a central issue – whether Defendant failed to provide Sarah with proper placement – and thus will receive those documents into the record. See 20 U.S.C. § 1415(i)(2)(C)(ii). Given that (i) the documents may be relevant to Sarah's placement, (ii) Plaintiffs submitted the documents at the due process hearing (as opposed to raising them for the first time here), and (iii) Defendant produced the documents (and thus cannot sustain a claim of prejudice), the Court grants Plaintiffs' motion to supplement the record with respect to the FACTS documentation and the inclusion presentation. At the same time, however, the Court agrees with Defendant that the inclusion presentation should be presented in its entirety. Accordingly, the Court requests that Plaintiffs provide the Court and Defendant with a copy of the full presentation on or before August 20, 2008. Defendant will be given an opportunity to challenge the relevance of the supplemental evidence in the briefing on administrative review, and the Court will consider, upon request, granting Defendant leave to supplement its documentation to the extent that such documents are proffered in support of such a challenge.

Finally, the Court notes Defendant's legitimate concern that some of the "supplemental" documents could be used to inject new issues into this proceeding on review of the IHO's determination. The Court cautions Plaintiffs that the documents will be considered by this Court only as they relate to Sarah's placement; any issues not properly raised and preserved before the IHO will be considered waived or forfeited here. See *Reed v. Lincoln-Way Community High School Dist.*, 2000 WL 696793, at *5 (N.D. Ill. May 30, 2000) (finding that the plaintiff had forfeited the opportunity to present a new argument before the Court where it had not been raised before the IHO and concluding that the opportunity to present additional evidence to the federal court does not extend jurisdiction to matters not raised at the administrative level).

Post-Hearing Materials

Plaintiffs also request leave to supplement the record with a January 2008 progress report (see Pls. Ex. D) and a December 2007 occupational therapy evaluation (see Pls. Ex. E), both of which were generated after the due process hearing held at the end of October 2007. Pls. Mtn. at 4-5. Plaintiffs assert that these reports may shed additional light on the appropriateness of Defendant's programming for Sarah and the reasonableness of the IHO's decision on that issue. See *id.* at 5. Defendant responds that both progress reports are irrelevant to the central issue on this point — whether the school district's proposed program for Sarah for the 2007-2008 would have been able to confer an educational benefit on Sarah. Def. Resp. at 11.

*Burlington* supports at least in the abstract Plaintiffs' contention that evidence of events that occurred subsequent to the due process hearing may be appropriate for addition to the record on appeal. 736 F.2d at 773. The Court acknowledges Defendant's concern that consideration of progress in a private program has the potential to prejudice Defendant if additional materials transform this Court's task from one of review in to a trial *de novo*. But the Court cannot conclude at this stage of the case that reports of Sarah's progress

| STATEMENT |
|---|

subsequent to the due process hearing are irrelevant. See, *e.g.*, *Konkel v. Elmbrook School Dist.*, 348 F. Supp. 2d 1018, 1023-1024 (E.D. Wis. 2004); see also *Bartholomew*, 2004 WL 1087367 at *2 (evidence of child's progress after another summer of intensive therapy and education might shed light on the reasonable of a decision a few months earlier).

The Court recognizes that the issue before it is "not whether [Sarah] reached [her] 'highest potential'" while in Defendant's program (*Konkel*, 348 F. Supp. 2d at 1024 (citing *Bd. of Educ. of Murphysboro v. Ill. Bd. of Educ.*, 41 F.3d 1162, 1167 (7th Cir. 1994)), or whether Sarah did better after leaving Defendant's program (*Konkel*, 348 F. Supp. 2d at 1024). However, the Court declines Defendant's invitation to find that Sarah's subsequent experience is irrelevant – that is, that it lacks any tendency to show the absence of an educational benefit in Defendant's program, a central issue in this Court's review. See *Burlington*, 736 F.2d at 773; *Konkel*, 248 F. Supp. 2d at 1024. Therefore, the Court grants Plaintiff's motion with respect to the December 2007 occupational therapy evaluation and the January 2008 progress report.

Affidavit of Ama Thompson

Plaintiffs seek to supplement the record with an affidavit from Ama Thompson, a reading expert who was retained to evaluate Sarah and who testified at the due process hearing. Plaintiffs specifically contend that the IHO improperly refused to permit a line of questioning related to a comparison of certain of Sarah's test scores. Pls. Mtn. at 4. Defendant responds that Ms. Thompson's additional testimony is duplicative and has little or no probative value in any event. Defendant therefore argues that the Court should defer to the IHO's expertise and uphold the ruling excluding the portion of Ms. Thompson's testimony at issue. Def. Resp. at 8 (citing AR 1532, 2522-2523).

When presented with the proposed testimony regarding the comparison of test scores, the IHO, using his expertise and experience in the field of special education, reasoned that because the proposed testimony was not based on analysis with correlation coefficients to compare the test scores, which he considered necessary to understand the comparison, it lacked probative value. AR 2522-2523. Plaintiffs fail to explain why this reasoning is improper, but simply state that the testimony should not have been excluded. To the extent that Ms. Thompson's affidavit offers additional general testimony about Sarah's test scores, the Seventh Circuit has held that supplemental evidence by witnesses who already testified should not be allowed to "repeat or embellish their prior administrative hearing testimony." *Burlington*, 736 F.2d at 790. Plaintiffs have offered no other basis for supplementing the record with of Ms. Thompson's affidavit and the Court finds no basis to do so. See *id.* at 790-791 (valid reasons to supplement the record include improper exclusion of evidence at the due process hearing, evidence not available at the hearing, or evidence to fill in gaps in the record). Therefore, the Court will defer to the IHO's analysis and expertise and deny Plaintiffs' motion to supplement the record with the affidavit of Ms. Thompson, or in the alternative to take her deposition.

Affidavit of Lee Anne D.

Plaintiffs also contend that the administrative record should be supplemented with an affidavit from Lee Anne D., Sarah's mother. Plaintiffs request to include Lee Anne D.'s affidavit on the ground that Defendant unfairly surprised Plaintiffs with a defense theory challenging Sarah's parents' decision to provide Sarah with

| STATEMENT |
|---|

private educational services in lieu of the school district's own programs — specifically extended school year services or "ESY." Pls. Mtn. at 6. Plaintiffs contend that Defendant should have disclosed this theory in its July 26, 2007 response to Plaintiff's due process request. *Id.* Defendant responds that "unfair surprise" is not a recognized basis for supplementing the record and that, in any event, Plaintiffs could not have been unfairly surprised at the due process hearing. Def. Resp. at 9-10.

The Court is not persuaded that Plaintiffs suffered "unfair surprise" during the due process hearing with respect to the Defendant' position regarding the ESY issue. As Defendants point out, the alleged surprise arose from the testimony of one of Sarah's special education teachers who attested that Sarah's parents had declined to place Sarah in ESY and that it might have been detrimental to her progress. Lee Anne D. testified two days later, and Plaintiffs offer no explanation for why they were unable to adequately take into account and appropriately respond to Defendant's theory regarding the witnesses' testimony regarding ESY as it related to Sarah's overall progress within the district. Accordingly, the Court declines to permit Plaintiffs to supplement the record with Ms. Lee Anne D.'s affidavit in order to "embellish their prior administrative hearing testimony." *Burlington*, 734 F.2d at 790.

Conclusion

For the reasons stated above, the Court grants Plaintiffs' motion to supplement the record [28] in part and denies it in part. Specifically, the Court grants the motion with respect to FACTS documentation and the inclusion presentation (if presented to the Court in its entirety) and the post-hearing progress reports. The Court denies the motion with respect to the affidavits of Ms. Thompson and Ms. Lee Anne D.